UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTA P.,[1]

                          Plaintiff,                      **DECISION AND ORDER**

v.                                                      1:17-cv-0440-JJM

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

        Before the court is plaintiff's motion [27][2] for attorneys' fees in the amount of $17,364.25 pursuant to 42 U.S.C. §406(b). The Commissioner's response was due on or before January 6, 2021 [28]. As of the date of this Decision and Order, the Commissioner has not filed a response. For the reasons discussed below, the plaintiff's motion is granted in part.

### BACKGROUND

        Plaintiff commenced this action on May 18, 2017, arguing that the Commissioner's denial of her claim for benefits was not supported by substantial evidence and was contrary to law. Complaint [1]. On July 6, 2018, plaintiff moved for judgment on the pleadings [16]. On March 19, 2019, I granted plaintiff's motion for judgment on the pleadings and remanded the case to the Commissioner for further proceedings consistent with my Decision

---

[1]    In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]    Bracketed references are to CM/ECF docket entries. Page references are to the CM/ECF pagination (upper right corner of the page).

and Order [21]. On August 15, 2019, the court approved [26] the parties' stipulation [25] for attorneys' fees in the amount of $6,267.64 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.

On August 14, 2020, an Administrative Law Judge ("ALJ") issued a decision finding plaintiff disabled since July 9, 2013 and approving plaintiff's claims for Social Security Disability ("SSD") and Supplemental Security Income ("SSI") benefits. *See* Notice of Decision [27-3]. The fee arrangement between plaintiff and her attorneys is governed by their Fee Agreement. *See* [27-6]. Pursuant to the Fee Agreement, "the attorney fee will be 1/4 (25 percent) of the past due benefits resulting from [plaintiff's] claim". [27-6], ¶ 3.

The Social Security Administration ("SSA") issued a Notice of Award letter concerning plaintiff's claim for SSD on November 29, 2020. [27-4]. The SSA withheld from the past-due benefits owed to plaintiff potential attorneys' fees in the total amount of $17,364.25. Notice of Award [27-4], p. 5. Plaintiff's attorney requests an award of attorney fees in the amount of $17,364.25. *See* Notice of Motion [27] and Memorandum in Support [27-1], pp. 2, 6, 9. Plaintiff's attorney agrees, upon receipt of payment of the fee, to refund to plaintiff the $6,267.64 received in fees pursuant to the EAJA. *See* Notice of Motion [27]; Memorandum in Support [27-1], p. 9.

## ANALYSIS

42 U.S.C. §406(b) limits the fees that attorneys are permitted to charge social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security

> may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. §406(b)(1)(A). In reviewing a motion for attorneys' fees pursuant to §406(b), this court reviews both the timeliness of the motion and the reasonableness of the fee. *See, e.g.*, Barone v. Saul, 2019 WL 3296616 (W.D.N.Y. 2019); Walkowiak v. Commissioner of Social Security, 2019 WL 6242549 (W.D.N.Y. 2019); Dillon v. Saul, 2020 WL 360966 (W.D.N.Y. 2020); Plum v. Commissioner of Social Security, 2020 WL 1846785 (W.D.N.Y. 2020). I address each here in turn.

**A.      Did Plaintiff Timely File Her Motion for Fees?**

The Second Circuit settled the question of the timeliness of an application for §406(b) fees in Sinkler v. Berryhill, 932 F.3d 83 (2d Cir. 2019). There, the Second Circuit found that the 14-day limitations period of Rule 54(d)(2)(B) applies to such motions, but is subject to equitable tolling "until a benefits calculation is made on remand and notice thereof received by the parties." Id. at 89. Accordingly, motions for benefits made within seventeen days (fourteen days under Rule 54(d)(2)(B), plus three days for mailing)[3] of receipt of a Notice of Award for benefits are timely.

Here, plaintiff's counsel filed their motion for fees on December 16, 2020 (*see* Notice of Motion [27]), seventeen days after the SSA issued its November 29, 2020 Notice of Award (*see* Notice of Award [27-4]). Accordingly, plaintiff's counsel timely filed their motion pursuant to Sinkler.

---

[3]      *See* Sinkler, 932 F.3d at 89, n. 5 ("[n]othing in this opinion departs from the law's presumption that a party receives communications three days after mailing").

B.     **Is Plaintiff's Fee Request Reasonable?**

Here, the Fee Agreement between plaintiff and his attorneys provides for an attorneys' fee of "1/4 (25 percent) of the past due benefits resulting from my claim". Fee Agreement [27-6]. The 25 percent fee is within the cap provided by §406(b).

That is not the end of the inquiry, however. Section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). To determine the reasonableness of a contingent fee, the Supreme Court identified several factors that a court may consider. First, courts may consider "the character of the representation and the results the representative achieved." Id. at 808. Second, a downward adjustment of the requested fee may be appropriate if the attorney was responsible for a delay that resulted in an accumulation of additional benefits during pendency of the case. Id. Third, the court's review of an attorneys' records of time spent on the matter may assist the court to determine whether the requested fee is a windfall to the attorney. Id. In addition, the Second Circuit states that courts in this district should also consider "whether there has been fraud or overreaching in making the agreement". Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

Here, plaintiff received competent and experienced representation. Plaintiff's attorney, Timothy Hiller, has been practicing law since 2011. Hiller Declaration [27-2], ¶ 3. Mr. Hiller has handled over 400 social security matters in federal district court and others at the administrative and appellate levels. Hiller Declaration [27-2], ¶ 4. Mr. Hiller's work on this matter yielded an award of past due benefits of $69,457.00. *See* Hiller Declaration [27-2], ¶ 10.

Consideration of the second Gisbrecht factor – delay – warrants some discussion in this case and a small downward adjustment in the requested fee. In Rodriquez v. Bowen, 865 F.2d 739 (1989), the case cited by the Supreme Court in Gisbrecht to illustrate this basis for reducing a requested fee, the court identified two sources of delay. The first is an "attorney's pattern of consistently pushing this time limitation to the last day possible before filing a request or response". Id., p. 747. I find that no such pattern exists here. Plaintiff's attorney in this case filed a motion to extend plaintiff's time to file her opening brief. See Consent Motion for Extension of Time to File Plaintiff's Brief [14]. However, this resulted in an extension of only 11 days. Such a request does not warrant any adjustment. See e.g. Blair v. Saul, 2020 WL 2744108, *5 (W.D.N.Y. 2020) ("Hiller did not engage in dilatory litigation tactics or otherwise cause delay in the proceedings that might have inflated past due benefits and therefore the potential fee award. Hiller requested just two extensions during the pendency of this action in the district court . . . . Thus, the second factor . . . weighs in favor of finding reasonableness.").

The Rodriquez court identified a second potential cause for delay. "Nor should a court reward incompetence by allowing an award which has become inflated through any procedural missteps. If a lawyer has taken an improper route or turn, he should not benefit from time spent finding his way." Rodriquez, 865 F.2d at 747. Here, I note that there was a significant delay in service of process. The clerk issued summonses on May 25, 2017, however, service was not complete until January 23, 2018. The reasons for the delay were outlined in plaintiff's motion to extend the time to serve her summons and complaint [6]. Plaintiff explained that the reasons for delayed service involved, at least in part, the clerk's erroneous description on the docket of the issued summonses as "summons returned executed" and stating the date defendant's answer was due. See Affirmation of Kenneth R. Hiller [6-2], ¶¶ 8-9. Plaintiff's

attorney's office realized its error when it was alerted to the erroneous docket description on November 28, 2017, when the clerk corrected its docket entry. Id., ¶ 10. Plaintiff's attorney took corrective action thereafter. Id., ¶ 11. The court granted plaintiff's motion to extend her time to effect service. Text Order [9] (granting plaintiff's motion to extend the time for service and noting that "it is Plaintiff's responsibility to open all documents filed through the CMECF System and to effectuate service timely").

Here, plaintiff's time to serve the summons and complaint, as measured from the date the court granted plaintiff's *in forma pauperis* motion, expired on August 22, 2017. *See* FRCP Rule 4(m); *see also* Ocasio v. Fashion Institute of Technology, 9 Fed. Appx. 66, *68 (2d Cir. 2001) (Summary Order). From that date, no substantive progress was made in this matter until five months later, on January 23, 2018, when the complaint was properly served. During that time, plaintiff's past due benefits continued to accrue subject to the contingent attorneys' fee. Put another way, the delay in service caused an additional 5 months of plaintiff's most recent and valuable monthly benefits to accrue subject to a 25% contingent fee. Although the delay was not the result of "incompetence" and appears to have been the result of an honest mistake that plaintiff's attorney rectified as soon as possible after discovering, it was still "an improper . . . turn" and plaintiff's attorney should nonetheless "not benefit from time spent finding his way." Rodriquez, 865 F.2d at 747.

Accordingly, to offset the effect of plaintiff's attorney's "procedural misstep", I deduct from the requested fee an amount equal to 25% of plaintiff's most recent monthly benefit noted in the Notice of Award for SSD ($924.10 per month) for five months. This results in a deduction of $1,155.13.[4]

---

[4]  $924.10 x 5 = $4,620.50
$4,620.50 x .25 = $1,155.125

With respect to the third Gisbrecht factor, compared to the number of hours spent working on this matter, the fee requested by plaintiff's attorney is not a windfall. Time records submitted with the motion indicate a total of 30.55 hours of attorney time was spent on plaintiff's matter. See Hiller Declaration [27-2], ¶ 13; see also Memorandum in Support [27-1], p. 6. I also note that plaintiff's attorney did not include in this figure any time spent correcting the service issue. See id. The total fee requested, minus the deduction described above, results in an effective hourly rate of $530.58.[5] See also Memorandum in Support [27-1], p. 6. This hourly rate is higher than Mr. Hiller's $350 hourly rate charged for other matters. Hiller Declaration [27-2], ¶ 15. However, this does not make the requested fee unreasonable. "[E]nhancements for the risk of nonpayment are appropriate considerations in determining §406(b) fees. . . . In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk." Wells, 907 F.2d at 370-71.

Moreover, the effective hourly rate here is well within the range of *de facto* hourly rates resulting from similar social security contingent fee requests recently approved by courts in this district. See e.g. Dillon, 2020 WL 360966 at *3 (finding a *de facto* hourly rate of $697.20 "does not appear so large as to be a windfall to the attorney"); Plum, 2020 WL 1846785 at *5 (limiting counsel's fee to an effective hourly rate of $750 per hour to reasonably compensate the attorney and avoid a windfall); Perry v. Commissioner of Social Security, 2020 WL 360979, *5 (W.D.N.Y. 2020) (finding reasonable an effective hourly rate of $740.02).

---

[5] The effective hourly rate was calculated by dividing the requested fee minus the deduction ($17,364.25 – $1,155.13 = $16,209.12) ([27]) by the total number of hours (30.55) documented in plaintiff's fee application ([27-2]).

## CONCLUSION

For these reasons, plaintiff's motion is granted to the extent that I award fees in the amount of $16,209.12 pursuant to 42 U.S.C. §406(b), and is otherwise denied. The Commissioner is directed to release these funds. In addition, I direct plaintiff's attorneys to return to plaintiff the $6,267.64 EAJA fees they were awarded within 14 days of their receipt of the §406(b) fee.

**SO ORDERED.**

Dated: May 19, 2021

                                           /s/  Jeremiah J. McCarthy
                                          JEREMIAH J. MCCARTHY
                                          United States Magistrate Judge